UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERRN DIVISION

| | |
|---|---|
| BOBBY LEE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-999 JCH |
| | ) |
| MISSOURI BOARD OF PROBATION AND PAROLE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $20, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, this action is dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**Discussion**

Plaintiff brings this action against the Missouri Board of Probation and Parole, alleging that it has violated his right to due process by refusing to grant him conditional release. He says other inmates with multiple murder convictions have been released, so he believes he is being denied equal protection under the law. He also claims that the Board has wrongly withheld parole because of community opposition.

"[A]n inmate does not have a constitutionally-protected liberty interest in the possibility of parole, and [the United States Court of Appeals for the Eighth Circuit] has held that the Missouri parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." *Adams v Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (citing *Greenholtz v. Inmates of Nebraska Penal & Corrections*, 442 U.S. 1, 9-11, (1979)). Therefore, he has not stated a plausible claim for violation of his right to due process.

A plaintiff must "allege and prove something more than different treatment by government officials" to state an equal protection claim. *Batra v. Bd. of Regents of Univ. of Nebraska*, 79 F.3d 717, 721 (8th Cir. 1996). "[T]he key requirement is that plaintiff allege and prove unlawful, purposeful discrimination." *Id.* at 722; *see Albright v. Oliver*, 975 F.2d 343, 348 (7th Cir.1992) ("you must be singled out because of your membership in the class, and not just be the random victim of governmental incompetence"), *aff'd on other grounds*, 510 U.S. 266 (1994); *Booher v. United States Postal Serv.*, 843 F.2d 943, 944 (6th Cir.1988) ("[t]he equal

protection concept does not duplicate common law tort liability by conflating all persons not injured into a preferred class"); *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir.1986) ("[t]he equal protection argument fails here because the wrong is not alleged to be directed toward an individual as a member of a class or group singled out for discriminatory treatment"). Plaintiff has not alleged that he has been discriminated against because of his membership in a class. As a result, this action is frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $20 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed forthwith.

Dated this 22nd day of March, 2017.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).